IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNA K. STALLWORTH, Individually and on behalf of the wrongful death beneficiaries of Erin Nicole Wray who are entitled to recover under said wrongful death statute | § § § § § § | PLAINTIFF |
| v. | § § | CIVIL ACTION NO. 1:06CV82-LG-JMR |
| ASHBRITT, INC., et al. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
<u>PAUL BUNYAN, INC.'S MOTION FOR SUMMARY JUDGMENT</u>**

**BEFORE THE COURT** is the Motion for Summary Judgment [128] filed by Defendant Paul Bunyan, Inc. ("PBI"). Plaintiff responded to the Motion, and PBI has replied. Because the Plaintiff is unable to demonstrate facts from which a jury could find causation, the Court finds that PBI is entitled to judgment in its favor as a matter of law.

## FACTS

On November 6, 2005, Erin Nicole Wray was traveling north on Rocky Creek Road in George County, Mississippi, when Albert Brooks, who was traveling west on Old Mobile Highway, ran a stop sign, resulting in a collision. Wray tragically died at the scene of the accident. At the time of the accident, Brooks was transporting debris on behalf of AshBritt, Inc., which had been awarded a contract for debris removal by the United States Corp of Engineers after Hurricane Katrina. AshBritt had entered into an oral agreement with Treesmith and PBI, in which Treesmith and PBI agreed to hire subcontractors, supervise subcontractors, ensure safety was in place, and collect load tickets in the Greene County area. (Ex. A to PBI's Mot. at 22). Brooks entered into a subcontract with AshBritt after the accident but never entered into a contract with PBI. On October 16, 2005, an employee of PBI, Carol Hagan, signed a Truck

Measurement Record concerning Brooks' vehicle in which she stated that the vehicle met all necessary safety requirements. (Ex. C to PBI's Mot.) The title "AshBritt Representative" is beneath her signature.[1]

PBI filed a Motion for Summary Judgment, asserting that it cannot be held liable for Brooks' negligent conduct, because PBI and Brooks were separate independent contractors of AshBritt. Additionally, PBI argues that Hagan signed the Truck Measurement Record form on behalf of AshBritt, not PBI, and that PBI was not responsible for the safety of Brooks' truck. Alternatively, PBI asserts that any mechanical problems with the truck were not the proximate cause of the accident. In response, Plaintiff concedes that she is not asserting that PBI was vicariously liable for Brooks' conduct but argues that PBI acted negligently in failing to inspect Brooks' vehicle. Plaintiff relies primarily on the Report drafted by her expert, Whitney G. Morgan, who is a consultant specializing in commercial motor vehicle inspection and safety. Morgan provides a long list of mechanical problems[2] and safety hazards associated with Brooks' vehicle and opines that Brooks' vehicle should not have been allowed on the roadway. Morgan opines that the accident was preventable because:

---

[1] Plaintiff filed this lawsuit against AshBritt, Brooks, Treesmith, PBI, and others, but PBI is the only remaining defendant. All other defendants have been dismissed or have settled their claims with Plaintiff.

[2] For example, the engine oil was over full; the power steering fluid level was low; the brake fluid was low; the antifreeze level was low; the fan and alternator belts were loose; the mounting bracket holding the fan was cracked; there were oil leaks; the fan had been rubbing on the inside of the radiator; the radiator was plugged with dirt and road grime; there were bare wires hanging down from the gas tank; the drivers door latch was broken; there were problems with the exhaust system; the right side of the bench seat was sitting on a cinder block; there were no mud flaps on the truck; the headlights and taillights appeared to have a short; the clutch and steering wheel had too much free travel; and the accelerator had too little travel. (Ex. D to Pl.'s Resp. at 5-8).

      1. Mr. Brooks failed to keep his vehicle under control.
      2. Mr. Brooks failed to ascertain the stop [sign] in front of him.
      3. Mr. Brooks was not operating at a speed consistent with existing conditions of road weather and traffic.
      4. Mr. Brooks failed to control [his] speed so that he could stop within the assured clear distance.
      5. Mr. Brooks failed to accurately observe existing conditions.
      6. Mr. Brooks was in violation of applicable safety regulations.

(Ex. D to Pl.'s Resp. at 10).

## DISCUSSION

Pursuant to FED. R. CIV. P. 56, any party to a civil action may move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp. v. Catrett,* 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

The elements of negligence are duty or standard of care, breach of that duty, proximate causation, and damages. *Lyle v. Mladinich*, 584 So. 2d 397, 398-99 (Miss. 1991). The primary question in this case is whether PBI's alleged negligence in failing to perform a proper inspection of the vehicle was a proximate cause of the accident. "In order for an act of negligence to proximately cause the damage, the fact finder must find that the negligence was

both the cause in fact and legal cause of the damage." *Glover v. Jackson State Univ.*, 968 So. 2d 1267, 1277 (¶31) (Miss. 2007).  The cause in fact is "that cause which, in natural and continuous sequence unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred." *Glover*, 968 So. 2d at 1277 (¶32) (quoting *Gulledge v. Shaw*, 880 So. 2d 288, 293 (Miss. 2004)).  "A defendant's negligence . . . will also be the legal cause of that damage, provided the damage is the type, or within the classification, of damage the negligent actor should reasonably expect (or foresee) to result from the negligent act." *Id.* at 1277 (¶33) (citing Dobbs, The Law of Torts, § 180 at 443).  " [I]n satisfying the requirement of foreseeability, a plaintiff is not required to prove that the exact injury sustained by the plaintiff was foreseeable; rather, it is enough to show that the plaintiff's injuries and damages fall within the particular kind or class of injury or harm which reasonably could be expected to flow from the defendant's negligence." *Id.* at 1278 (¶37).

It is undisputed that this fatal collision occurred when Brooks failed to stop his vehicle at the marked intersection.  Any alleged negligence of PBI in failing to properly inspect Brooks' vehicle was not the cause in fact of the accident.  First, there is no evidence that any of the alleged defects in the vehicle caused or contributed to the accident in any way.  Second, assuming that PBI conducted a negligent inspection of truck, Brooks' negligent operation of his vehicle was an intervening cause that resulted in Plaintiff's damages and disrupted the flow of any alleged negligence by PBI for failure to properly inspect the truck.  Finally, the connection between PBI's alleged negligence and the accident is tenuous at best, since the finder of fact would have to surmise that Brooks would not have been driving on that road at all on the day of the accident and would not have run the stop sign if PBI had performed a proper safety

inspection.  As a result, Plaintiff cannot demonstrate that any alleged negligence by PBI for failure to inspect Brooks' truck was the cause of the accident.  PBI is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [128] filed by Defendant Paul Bunyan, Inc. should be **GRANTED**.  Plaintiff's claims against the Defendant are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 14th day of February, 2008.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE